# JEREMIAH MURPHY

v.

# WILLIAM C. HOLWAY.

*Statute of Limitations—Conditional Promise—Circumstances of Admission—Evidence.*

1. An acknowledgment of indebtedness, to remove the bar of the Statute of Limitations, must be of such a character as clearly to show a recognition of the debt, and an intention to pay it. If a new promise is conditional, a performance of the condition must be shown.
2. The fact that the circumstances of the admission of an indebtedness are such as to affect different minds in different ways, so as to admit of a fair conclusion that no new promise was intended, is alone sufficient to prevent its operating as an avoidance of the bar of the statute.

[Opinion filed April 11, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. THOMAS J. WALSH, for appellant.

Messrs. McGAFFEY & TURNES, for appellee.

BAILEY, J. This suit was brought by William C. Holway against Jeremiah Murphy before a Justice of the Peace, and afterward taken by appeal to the Circuit Court where, as the result of the jury trial, judgment was rendered in favor of the plaintiff for $100 and costs. The plaintiff's claim is for a board bill, the defense being the Statute of Limitations, and the plaintiff alleging a new promise. The plaintiff's cause of action accrued more than five years before the commencement of the suit, and the principal controversy in the case arises upon the question of a new promise.

It seems that the plaintiff at the time the debt accrued, took into his possession certain goods and chattels belonging to the defendant, as security for his debt, and that he has never

Murphy v. Holway.

returned them to the defendant. By way of showing a new promise, the plaintiff testified that about two weeks before commencing his suit, he called on the defendant in company with one John Deacon, and presented to him his bill for board and that the defendant said that he owed the bill but wanted the plaintiff to return the property he had taken from him. Deacon testifies to the same interview and says that the defendant's words were: "I owe the bill, but I want you to return my property." The defendant's version of the interview is as follows: "I told him that if he would return my notes and other property to me, I would pay him his bill."

The new promise, as testified to by the defendant, was only conditional, and as there is no pretense that the condition has ever been performed, such promise would clearly be insufficient to avoid the bar of the statute. But as the jury have found the issues for the plaintiff, we must assume that they have believed the account of the interview given by the plaintiff and his witness, and the question is whether their testimony is sufficient to establish a new promise.

The law, as generally recognized by the authorities is, that, to remove the bar of the Statute of Limitations, it is incumbent on the plaintiff to prove an express promise to pay the money, or a conditional promise with a performance of the condition, or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay. The acknowledgment must be of such a character as to clearly show a recognition of the debt, and an intention to pay it. Carroll v. Forsyth, 69 Ill. 127. In the case here cited the court approve and adopt the following language of Mr. Justice Story in Roll v. Morrison, 1 Pet. 362: "If there be no express promise, but a promise to be raised by implication of law, from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, if the expression be equivocal, vague and indeterminate, leading to no certain conclu-

sion, but at best to probable inference which may affect different minds in different ways, we think they ought not to go to the jury as evidence of a new promise to revive the cause of action."

In the present case, if we accept as true the testimony of the plaintiff's witness, the language of the defendant, on being presented with the plaintiff's bill was, "I owe you the bill, but I want you to return my property." This language must be considered and interpreted in the light of the previous and existing relations between the parties, as disclosed by the evidence. The amount of the bill as presented was $206. The defendant testifies, and in this his testimony is not disputed, that at the time the bill was accruing, as he was unable to pay his board, the plaintiff asked him for security, and in compliance with such request, he assigned to the plaintiff a note for $300 secured by mortgage on land at Janesville, Wisconsin. About six months afterward, on returning one day to the plaintiff's house, he found that his trunk and all his wearing apparel, except what was on his person, and all his books, had been seized by the plaintiff, there being in his trunk, in addition to other articles of value, the mortgage above mentioned and a note for $200 also secured by said mortgage, and that the plaintiff had never returned to him said notes, wearing apparel or books, or rendered any account of them. The plaintiff testifies that some two years after seizing said trunk, books, etc., he realized from a sale of the trunk and contents and books, the sum of $5.10, and applied the same on the account; that he had lost or mislaid the $300 note, and on making search for it had been unable to find it; that soon after receiving it he sent it to Janesville for collection, and it was returned to him uncollected.

Under the foregoing circumstances what implication is to be drawn from an acknowledgment of the debt, coupled with a demand for a return of the property held by his creditor as security? It would, we think, scarcely give rise to an impli-cation of a promise to pay the debt and leave the securities in the creditor's hands. The demand for the return of the securities would rather repel the presumption of a promise

Murphy v. Holway.

or intention to pay, or would give rise to an implication of a conditional promise, viz., that of payment on the return of the securities.

But it may be said that it was for the jury to construe the defendant's admission, and that their finding should be held to be conclusive. It is doubtless the peculiar province of the jury to determine controverted questions of fact, and even where the mere evidential facts are undisputed, but are of a doubtful tendency, and are capable of leading different minds to different conclusions, it is ordinarily for the jury to determine the ultimate facts at issue, and their finding should not be disturbed unless clearly wrong. The present case, however, would seem to be, in a certain sense, an exception. The fact that the circumstances of the admission of an indebtedness are such as to affect different minds in different ways, so as to admit of a fair conclusion that no new promise was intended, is alone sufficient to prevent its operating as an avoidance of the bar of the statute; or, as held by Mr. Justice Story in the passage above quoted, such evidence is insufficient to go to the jury.

We are of the opinion that the verdict is unsupported by the evidence, and for that reason the judgment must be reversed and the cause remanded.

*Judgment reversed.*